UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN M. THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>　　　　Defendant. | Case No. 23-cv-00140-KAW<br><br>**ORDER REGARDING 9/23/24 JOINT DISCOVERY LETTER**<br><br>[Discovery Letter No. 1]<br><br>Re: Dkt. No. 52 |

On September 23, 2024, Plaintiff Kevin Thompson and Defendant National Railroad Passenger Corporation filed a joint discovery letter concerning Defendant's 30(b)(6) deposition. (Discovery Letter, Dkt. No. 52.) As an initial matter, the Court notes that to the extent Plaintiff expects the Court to review almost 50 pages of exhibits that were attached to a separate, previously terminated discovery letter, the Court declines. (*See* Discovery Letter at 1 nn.1-2; Judge Westmore Standing Order ¶ 14(b)(ii) ("The parties may only attach 12 pages of exhibit(s)").)

First, Plaintiff seeks an order compelling Defendant to appear at its 30(b)(6) deposition before the October 4, 2024 settlement conference. (Discovery Letter at 1.) Plaintiff originally noticed a 30(b)(6) deposition for September 12, 2024. (*Id.*) On September 11, 2024, Defendant served a supplemental objection, stating that it would not appear. (*Id.*) Defendant, in turn, complains about the number of categories, as well as objecting to specific categories. (*Id.* at 3.) Defendant provides no authority suggesting that it is permitted it to simply not appear at a 30(b)(6) deposition based on its objections. Indeed, Rule 37(d)(2) states that a failure to appear for a properly noticed Rule 30(b)(6) deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under

1  Rule 26(c)."  *See also Escano v. RCI, LLC*, No. 2:22-360 DHU/GJF, 2024 U.S. Dist. LEXIS

2  36641, at *16 (D.N.M. Mar. 1, 2024) ("even if RCI had properly objected to Plaintiff's *second*

3  deposition notice, it is not clear to the Court that doing so would have nullified RCI's obligation to

4  produce a witness on the topics designated in the notice for which it did not file a motion for

5  protective order").  Accordingly, the Court ORDERS Defendant to appear at a properly noticed

6  deposition.  Given the timing of this letter (which was filed less than two weeks before the

7  settlement conference), however, the Court does not find it feasible to require that the deposition

8  be conducted prior to the settlement conference.[1]

9        Second, Plaintiff requests that the Court order Defendant to inform Plaintiff who its

10 30(b)(6) witness will be prior to the deposition.  (Discovery Letter at 2-3.)  Plaintiff appears to

11 conflate Rule 30(b)(6)'s requirement that an organization "designate" an officer to testify on its

12 behalf with a requirement that the organization also tell the party requesting the deposition who

13 that witness will be in advance.  (*Id.*)  The fact that a party must designate its 30(b)(6) witness

14 does not mean it must tell the other party who that individual will be beforehand, and the Court

15 knows of no authority in support of Plaintiff's position.  Plaintiff's reliance on *Salazar v. Acuity*

16 *Brands Lighting, Inc.* is unpersuasive; there, the district court merely acknowledged in the

17 background section that the non-party had informed the defense counsel and the court of the

18 identity of its 30(b)(6) witness.  *Salazar v. Acuity Brands Lighting, Inc.*, No. CV-21-0349-TUC-

19 DCB (BGM), 2022 U.S. Dist. LEXIS 125770, at *2 (D. Ariz. July 14, 2022)  It did not suggest

20 that the nonparty **had** to do so in order to satisfy its obligation to designate a 30(b)(6) witness.

21 That said, the Court expects the parties to cooperate and comport themselves professionally,

22 including "conduct[ing] discovery in a manner designed to ensure the timely, efficient, cost

23 effective and just resolution of a dispute."  (N.D. Cal. Guidelines of Professional Responsibility §

24 9.)  Gamesmanship is strongly frowned upon by the Court.

25       Third, the parties dispute whether Defendant must produce a witness to testify as to all

---

[1] If the deposition is necessary for a productive settlement conference, the parties are directed to meet and confer and seek a continuance of the settlement conference on a date after the deposition is completed.

categories in the deposition notice.  (Discovery Letter at 1, 4-5.)  Defendant identifies certain categories it objects to, and Plaintiff does not provide any response.  It is not apparent to the Court that the categories at issue are not described with "reasonable particularity," and objections on the ground that the categories seek evidence that may not be relevant, constitute a non-lawyer's legal opinion, or could ultimately be excluded are generally not an appropriate basis for refusing to answer a question.  *See Holloway v. Cohen*, No. C-00-20644 JW PVT, 2007 U.S. Dist. LEXIS 45231, at *5 (N.D. Cal. June 14, 2007) ("A deponent may object on the basis of relevance, but may not refuse to answer the question based on that objection.").  If, for example, Defendant believes a question goes to a matter that is irrelevant, Defendant may state its objection in the record, but Defendant must generally respond to the best of its abilities.  If, however, the question genuinely concerns attorney-client privileged information, Defendant may so object if in good faith.

Finally, Plaintiff seeks an instruction cautioning Defendant from terminating the deposition because of questions related to "long documents."  (Discovery Letter at 1.)  It is unclear why Defendant would be able to terminate a deposition on this ground.  To the extent Defendant believes these "long documents" are inappropriate, Defendant can state its objection and move on.

This order disposes of Dkt. No. 52.

IT IS SO ORDERED.

Dated: October 1, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge